**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DANIELLE ORR, as administrator of the estate of Daniel Orr, deceased, and HAILEY ORR and DANIELLE ORR, individually and as beneficiaries of certain insurance policies, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | No. 13 C 5535 |
| ASSURANT EMPLOYEE BENEFITS, agent for UNION SECURITY INSURANCE COMPANY, ) ) ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Danielle and Hailey Orr are the daughters of Daniel Orr, who died in a motorcycle accident on August 7, 2012. As Mr. Orr's beneficiaries under a group life insurance policy issued by Union Security Insurance Company (USIC), they have sued USIC under the Employee Retirement Income Security Act (ERISA) to recover accidental death and dismemberment benefits under the policy.[1] The Orrs allege that USIC's denial of benefits lacked a basis in the record. USIC has moved for summary judgment, arguing that the Orrs failed to exhaust internal plan remedies and that the denial of benefits was appropriate. The Orrs have cross-moved for summary judgment, arguing

---

[1] The Court refers to the defendant as USIC because that is how the defendant refers to itself. The Orrs refer to USIC as Assurant. Assurant Employee Benefits is USIC's agent.

that they exhausted internal plan remedies and that USIC's denial of benefits is unsupported by the record. For the reasons stated below, the Court concludes that the Orrs did not exhaust internal plan remedies and therefore grants USIC's motion for summary judgment and denies the Orrs's cross-motion for summary judgment.

**Facts**

On August 7, 2012, Daniel Orr died in a motorcycle accident in which his motorcycle drove off a road. He suffered severe injuries, including a skull fracture, and was found dead several hours after the accident occurred.

On or about August 27, 2012, the Orrs began filing what both they and USIC regarded as a claim for benefits under Daniel Orr's life insurance policy with USIC. USIC paid each of the Orrs $40,026.88 in life insurance proceeds and interest. But it withheld a total of $80,000 in accidental death benefits. To determine whether the Orrs were entitled to those benefits, USIC first needed to know the circumstances of Mr. Orr's death.

USIC investigated and, on December 10, 2012, notified the Orrs in writing that it had denied their claim for accidental death benefits. USIC's letter stated that the claim was denied on the ground that Mr. Orr's death resulted from his intoxication, which made accidental death benefits unavailable under the insurance policy. USIC stated that its medical consultant had reviewed autopsy and toxicology reports that determined that Mr. Orr's blood alcohol level at the time of the accident exceeded the legal limit and that Mr. Orr "would have been impaired in attention, coordination and balance" at the time of the accident. Def.'s Ex. A at US000162.

USIC's letter advised the Orrs that they could request review of the decision

within sixty days. Enclosed with the letter were instructions regarding USIC's internal review process. The process included a "First Review" by a person not previously involved in the claim decision and, if the claim was denied after the first review, a "Second Review" handled by a manager in the Life Claims area of USIC or the "Life Claims Appeals Committee." *Id.* at US000163. USIC's description of the process also advised that if the claim was denied as part of the Second Review, the claimant could file a lawsuit in court under ERISA. *Id.*

The next relevant communication found in the record took place on February 5, 2013, a little under sixty days after USIC denied the Orrs's claim for accidental death benefits. On that date, the Orrs, via their attorney, sent USIC a letter bearing the title "NOTICE OF INTENTION TO OPPOSE DENIAL OF POLICY PROCEEDS." *Id.* at US000172. The letter stated that "[t]his letter is intended to qualify as a First Review of the denial of benefits as set out [sic] instructions" and that "[t]his letter is claimant's effort to be in compliance with the policy term requirement of *Notice within 60 days of a Rejection of a Claim for Benefits to Request Review Proceedings*." *Id.* The attorney's letter did not identify any particular basis for further review but instead requested certain documents from USIC and advised that the Orrs intended to submit additional written materials. On February 13, 2013, USIC sent the Orrs a letter acknowledging receipt of their notice of intent and providing them a thirty-day extension to appeal the denial of claim benefits.

The next document found in the record is another letter from the Orrs's attorney to USIC, dated March 11, 2013. The letter—rather incongruously, as the Court will discuss—was entitled "NOTICE OF FILING APPEAL (2nd Level) OF DENIAL OF

POLICY PROCEEDS." *Id.* at US000228. This letter, unlike the attorney's February 5 letter, described in detail grounds for the Orrs's request for further review of their claim for accidental death benefits. In summary, the Orrs contended that Mr. Orr's blood alcohol level determined at autopsy was an insufficient basis to deny the claim, because it did not demonstrate his blood alcohol level at the time of the accident, and more importantly, the absence of evidence concerning the accident itself made it speculative that Mr. Orr was actually impaired at the time or that any impairment caused the accident. *Id.* at US000228-32.

USIC denied the Orrs's appeal on May 14, 2013 via a letter from an "Appeals Specialist" that described the basis for the denial. *Id.* at US000283-85. The letter advised that in reviewing the claim on appeal, USIC had consulted a forensic pathologist. The pathologist had reviewed the evidence and had concluded, for reasons explained in the letter, that the blood alcohol level determined at the time of the autopsy was in fact an accurate measure of Mr. Orr's blood alcohol level at the time of the accident. The pathologist also concluded that intoxication was the most probable cause of the accident and thus of Mr. Orr's death. *Id.* at US000284-85.

Included with USIC's letter was another copy of the insurer's procedures for review. The letter stated, "[i[f you disagree with the decision and wish to request a review, please submit a written statement indicating why you believe the decision is incorrect. Any such statement must be submitted within 60 days after your receipt of this letter." *Id.* at US000285.

On July 15, 2013, the Orrs's attorney sent USIC a letter presenting further challenges to the denial of the claim. *Id.* at US000291. The July 15 letter described

4

counsel's February 5 letter as "a first level of appeal" and his March 11 letter as "the second level of appeal." *Id.* Counsel said he was "re-assert[ing] the legal positions taken in that correspondence as supplementary to this letter" and stated that the Orrs had already complied in full with USIC's internal review procedures. *Id.* Despite this assertion, counsel went on to describe in detail grounds for disputing the denial of benefits, including a challenge to the reasoning set forth in USIC's May 14 letter. Among other things, counsel noted that the route that Mr. Orr had taken required him to negotiate six curves up a steep hill before the final curve where he had gone off the road, and he argued that Mr. Orr's ability to negotiate the earlier curves refuted the contention that he was intoxicated and unable to control his motorcycle properly. *Id.* Counsel closed by stating:

> I am in the process of investigating further the facts of the case, and have retained a forensic pathologist to support the position of the Estate that payment should be made of the benefits of the policy. I expect to have more probative information available if I am successful in the efforts to uncover facts of the case that have not been disclosed or discussed to date.

*Id.* at US000293.

USIC replied to counsel's July 15 letter with a letter dated July 23, 2013 that stated as follows:

> I have received your second appeal for accidental benefits on behalf of Mr. Daniel Orr's beneficiaries. In your letter, you indicate that you plan to send additional documentation. Please advise by what date you will be submitting your documentation, so that I may schedule the Life Claims Appeal Committee's review accordingly.

*Id.* at US000296. That was the last of the correspondence between the Orrs's counsel and USIC. On July 19, 2013, before USIC sent its letter discussing further review of the

5

Orrs's claim, the Orrs filed suit against USIC in state court. USIC removed the case to this Court on August 2, 2013. As the Court has indicated, both sides have moved for summary judgment.

## Discussion

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.'" *Blythe Holdings, Inc. v. DeAngelis*, No. 13–2114, 2014 WL 1561623, at *2 (7th Cir. Apr. 21, 2014) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986)). "'Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is "no genuine issue for trial,"'" *id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)), and the court should grant summary judgment for the moving party.

USIC has moved for summary judgment on two grounds, but the Court needs to deal only with one: USIC's contention that the Orrs failed to exhaust internal plan remedies before filing suit. "Although ERISA does not require administrative exhaustion as a prerequisite to suit, we have interpreted ERISA as requiring exhaustion of administrative remedies as a prerequisite to bringing suit under the statute." *Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012) (internal quotation marks omitted). In *Stark v. PPM Am., Inc.*, 354 F.3d 666 (7th Cir. 2004), the Seventh Circuit noted that "[e]xhaustion of plan remedies is favored because the plan's own review process may resolve a certain number of disputes; the facts and the

6

administrator's interpretation of the plan may be clarified for the purposes of subsequent judicial review; and an exhaustion requirement encourages private resolution of internal employment disputes." *Id.* at 671 (internal quotation marks omitted).

The parties agree that USIC's internal appeal process entails two separate levels of review. The first level requires a person whose claim has been denied, and who wants further review, to request it in writing within sixty days of being notified of the claim denial. As indicated earlier, this review is done by a USIC representative who was not involved in the original claim denial. USIC permits a claimant appealing a denial of her claim to "review, upon request and free of charge, copies of all documents, records, and other information relevant to your claim for benefits" and "submit issues and comments in writing, along with additional documents, records, and other information relating to your claim." Def.'s Ex. A at US000163. USIC's procedures require it to notify a claimant who seeks review of its decision within sixty days of receiving the first appeal, unless "special circumstances" require an extension, in which case USIC is to notify the claimant within one hundred and twenty days. *Id.*

A claimant whose first appeal is denied may request a second internal review. As indicated earlier, this review is done by a manager in the Life Claims area of USIC or by the Life Claims Appeals Committee. USIC further advises claimants that if the claim is denied at the second level, the claimant may file a civil action under ERISA. The instructions that USIC sends to claimants state that "[i]f you do not complete both the first and second review before filing a lawsuit, a court can dismiss your lawsuit." *Id.*

USIC contends that the Orrs started, but did not finish, the internal appeal process—specifically, that they did not complete the second level of internal review.

7

The Orrs make two alternative responses to this. In their opening brief, they contend that they actually completed both levels of USIC's internal review process. In their reply, they contend that they were not required to complete the second level. The Court deals with each contention in turn.

The Orrs argue in their opening brief that they filed their first appeal on December 10, 2012, the same date that USIC notified them that it had denied their claim. Pls.' Mem. at 6. They offer the following timeline:

> 8.27.2012 Claim filed by Danielle/Hailey Orr *(with S. Panozzo) (US00038 …39)*
>
> 10.10.2012 Accidental death file created: (US000003)
>
> 12.10.2012 *First level* of appeal filed by Danielle/Hailey Orr; claim denied by T. Steen of Assurant at First level of appeal. *(US000161 …168)*
>
> *(Claimants contacted Atty. Guyon on case)*
>
> 2. 5.2013 Notice of Intent to file Second Level of Appeal sent to Assurant by Atty. Guyon. *(US000172, 173)*
>
> 3.11.2013 *Second level* of Appeal, with exhibits, filed by Plaintiffs, by their attorney. *(US000228 to 000232)*
>
> 5.14.2013 Watkins letter: denial of *Second level* of appeal by Assurant.

Pls.' Mem. at 6. In short, the Orrs contend that the December 10, 2012 letter constituted their first appeal and that the March 11, 2013 letter constituted the second, and that USIC denied both appeals.

The record belies the Orrs's contention that they initiated the first appeal on December 10, 2012. The portion of the record that they cite in support contains only USIC's denial notification. Def.'s Ex. A at US000161-68. The Orrs offer no explanation of how it is that their first appeal was commenced that same date. There is no

8

indication that any documentation is missing from the record, and in any event, it is difficult to imagine how the Orrs possibly could have filed their first-level appeal on the very date their claim was initially denied—as they likely did not even receive the denial letter (which was mailed) that same day. In short, the record contains no basis upon which a reasonable determination can be made that the Orrs submitted their first appeal on December 10, 2012.

Having contended in this suit that they filed their first appeal on December 10, 2012, the Orrs attempt to characterize their February 5, 2013 submission to USIC as a "Notice of Intent to file *Second* Level of Appeal. . . ." Pls.' Mem. at 6 (emphasis added). But that very document belies this characterization. As noted earlier, the Orrs's attorney stated in the letter that it "is intended to qualify as a First Review" as that term is used in USIC's procedures. Def.'s Ex. A at US000172. The Orrs's use of the term "First Review," coupled with their reference in the letter to rejection of a "claim" as opposed to an "appeal," reflects that they understood they had not submitted an appeal prior to the February 5 notice. *Id.* And in fact they had not. There is no evidence of an earlier appeal.

On March 11, 2013, the Orrs submitted what unquestionably was a request for review of USIC's denial of their claim. The top of the document they submitted stated, "NOTICE OF FILING APPEAL (2nd Level) OF DENIAL OF POLICY PROCEDURES." *Id.* at US000228. But affixing the "2nd level" title to the document does not make it so. Despite that title, the document constituted the Orrs's first appeal; as the previous discussion shows, they had submitted no earlier appeal. Rather, the March 11 submission, perhaps together with the February 5 "notice of intention," was the Orrs's

9

first appeal.  The February 5 "notice of intention" did not ask USIC to do anything other than offer an extension of time to submit further documents; it did not offer grounds for reversing the denial of the claim.

As indicated earlier, on May 14, 2013, USIC notified the Orrs that it had denied their March 11 appeal and again provided information about its appeal process.  In the letter that the Orrs's attorney sent to USIC on July 15, 2013, he again attempted to recharacterize his February 5 letter to USIC "as a first level of appeal of denial of benefits" and his March 11 letter to USIC as "the second level of appeal of denial of benefits."  Def.'s Ex. A at US000291.  As the Court has indicated, this contention is unsupported and baseless.  The February 5 submission was not an appeal; in form or in content, it was a notification that the Orrs *intended* to appeal, and it identified no grounds for USIC to reverse its denial of the claim.  Just as importantly, between February 5 and March 11, USIC did not send the Orrs anything that reasonably can be construed as a decision on any purported February 5 appeal.  Thus the March 11 submission could not have been a second appeal, as there was no intervening decision for the Orrs to challenge.  The only reasonable finding that the record permits is that the March 11 submission (again, as stated earlier, perhaps in combination with the February 5 submission) was the Orrs's first appeal.

The only correspondence between the Orrs and USIC from March 11 to July 15 was USIC's May 14 letter acknowledging receipt of the Orrs's March 11 appeal.  Hence, as of July 15, the Orrs had not filed their second appeal.  The July 15 submission, not any earlier submission, was their second appeal.  No reasonable basis exists in the record for any other determination.  In short, as of July 14, the Orrs had not even begun

USIC's Second Review process.

For these reasons, the Court rejects the Orrs's contention that the March 11 letter was their second appeal and that they therefore completed USIC's internal review process.

In their reply, the Orrs argue that their submission of the July 15, 2013 letter from their attorney was sufficient to complete the second level of review. *See* Pls.' Reply at 3-4. There is no question that the July 15 letter was sufficient to *initiate* the Second Review stage of USIC's internal appeal process. The letter presented arguments for why USIC should overturn its earlier decision and grant the Orrs the accidental death benefits under the insurance policy. And it expressly challenged USIC's May 14 decision on the First Review. Specifically, the Orrs's attorney stated that "[w]e disagree with the decision to deny benefits, and in response to the 60 day deadline stating the basis for disagreement with the decision to deny benefits, I reply on behalf of Hailey Orr and Danielle Orr to again dispute the decision to deny benefits." *Id.* at US000291.

The Orrs's July 15 letter, however, did not complete the review process. The letter made it clear that the Orrs wished to submit more information in support of their request for review of the claim denial. In the letter, the Orrs's attorney indicated that he was "in the process of investigating further the facts of the case" and had "retained a forensic pathologist." *Id.* at US000293. And as indicated above, the attorney stated, "I expect to have more probative information available if I am successful in the efforts to uncover facts of the case that have not been disclosed or discussed to date." *Id.* In this way, the July 15 letter indicated that USIC should refrain from reviewing the Orrs's appeal until they had an opportunity to submit more information. And that is, in fact,

exactly how USIC understood the Orrs's July 15 letter. USIC responded on July 23 by asking the Orrs to "[p]lease advise by what date you will be submitting your documentation, so that I may schedule the Life Claims Appeal Committee's review accordingly." *Id.* at US000296. But by then, the Orrs had already filed a lawsuit in court; they never submitted anything additional to USIC after their attorney's letter of July 15. Thus, although the Orrs initiated the Second Review process, they never completed it.

The Orrs's argument that they completed the second level of internal review appears to be based on the attorney's statement in the letter that he would submit further information "if I am successful in the efforts to uncover facts of the case that have not been disclosed or discussed to date." Def.'s Ex. A at US000293. They argue that "no other information was obtainable without the planned use of a <u>court's</u> *Subpoena* power. . . . The hope of discovering further information was through use of the *Subpoena* power, but this means to obtain information is available only after a suit is filed." Pls.' Reply at 4. Because they did not actually obtain the hoped-for information, the Orrs argue, their second appeal was complete with their submission of the July 15 letter.

The Seventh Circuit has recognized two viable excuses for failing to exhaust internal plan remedies: "'where there is a lack of meaningful access to review procedures, or where pursuing internal plan remedies would be futile.'" *Schorsch*, 693 F.3d at 739 (quoting *Edwards v. Briggs & Stratton Retirement Plan*, 639 F.3d 355, 361 (7th Cir. 2011)). The Orrs do not address either of these exceptions, and they cite no case for the proposition that the need for use of a subpoena to obtain more information

12

excuses a failure to exhaust internal plan remedies. One might suggest that the Orrs's argument is intended as a claim of futility. If so, the claim lacks merit. The Orrs do not identify the information they say they needed but could not get, and their July 15 letter suggested nothing of the kind. Rather, the only reference to additional information that the Orrs's attorney made in that letter involved his possible retention of a forensic pathologist and the proposition that this might enable him to make further arguments. In any event, "[f]utility is demonstrated by showing that it is certain a plaintiff's claim will be denied by the plan administrator." *Ruttenberg v. U.S. Life Ins. Co.*, 413 F.3d 652, 662 (7th Cir. 2005) (internal quotation marks omitted). The record does not support any such determination in this case.

The Orrs came close to exhausting USIC's internal review process, but they abandoned internal review before completing it in favor of filing a lawsuit. The Court cannot find that the Orrs satisfied USIC's internal plan review procedures merely because they executed *almost all* of the required steps. "Substantial compliance" does not constitute exhaustion. *Edwards*, 639 F.3d at 362-63. Rather, "[t]he courts of appeals have uniformly required that participants exhaust internal review before bringing a claim for judicial review under § 502(a)(1)(B) . . . . A participant's cause of action under ERISA accordingly does not accrue until the plan issues a final denial." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 610 (2013).

In sum, there is no basis in the record from which a reasonable determination can be made that the Orrs exhausted internal plan remedies.

## Conclusion

For the foregoing reasons, the Court grants defendant's motion for summary

judgment [docket no. 18] and denies plaintiffs' cross-motion for summary judgment [docket nos. 25 & 26].  The Court directs the Clerk to enter judgment in favor of defendants.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  May 19, 2014